Jacobs vs. Tobelman.

---

No. 1217.

JOSEPH JACOBS vs. DORA TOBELMAN.

The fact that a husband, who has obtained a judgment of separation from bed and board against his wife, continues to occupy the same house as his wife, but separate apartments, while he is preparing a new home to which he moves alone as soon as it is ready, will not be construed as a reconciliation under the Civil Code.

Those circumstances will not bar his right to a divorce one year after the rendition of the judgment of separation.

APPEAL from the Nineteenth District Court, Parish of St. Mary. *Goode,* J.

Gerac vs. Guilbeau.

*D. Caffery* for Plaintiff and Appellee.

*A. C. Allen* for Defendant and Appellant.

The opinion of the Court was delivered by

POCHÉ, J.   This is an action for divorce predicated on a judgment of separation from bed and board, rendered at the instance of the husband more than one year previous to the institution of present suit.

The defense is an alleged reconciliation of the parties since the rendition of the judgment of separation.

The present appeal has been taken by the defendant from a judgment decreeing the divorce prayed for.

The evidence fails to sustain the defense.   The proof is that, for several months after the judgment of separation, plaintiff continued to live in the former domicile of the spouses, under the same roof with his wife but in separate rooms; and that he continued to provide for the support of the wife and of the children, issue of the marriage, who had been placed in the custody of the husband.

It also appears from the evidence that plaintiff is a poor man and had no other place to live at pending his efforts to build up and reëstablish another home and a new place of business.

As soon as his new home was prepared, he moved into it and has since lived in it, separated from the defendant.   As he had no other home, while he was preparing to move away, he had no other alternative but to continue to dwell under the same roof with his wife, or to expel her from that house.   The course which he adopted was doubtless dictated by feelings of humanity which courts of justice should encourage rather than discountenance.

These facts do not constitute in our opinion a reconciliation within the meaning of our Code.   Hence, we conclude with the district judge, that plaintiff was entitled to a decree of divorce *a vinculo matrimonii.*

Judgment affirmed.