SOMMERYILLE, J.
Dr. Hava has sued his wife for divorce on the ground that they had been living separate and apart for a period of seven years or more; under the provisions of Act No. 269 of 1916, p. 557, which act makes provision for such suit by either spouse who may have resided within the state continuously for seven years prior to the filing of said suit.
Defendant answered, May 7, 1918, admitting the marriage between herself and plaintiff, but denied that they had been living separate and apart for seven years, and, reconvening, alleged that her husband had abandoned her some two years prior to the filing of the answer, and prayed for a judgment of separation. The suit of plaintiff was dismissed; and the reconventional demand of defendant was dismissed as in case of nonsuit. Both parties have appealed.
Dr. Hava, as a witness on his own behalf, testified that he and his wife had occupied the same matrimonial domicile to within a short time before filing this suit; but that they had, in fact, lived separate and apart, under the same roof, for more than seven years.
Mrs. Hava, as a witness, testified that during all the time that they occupied the matrimonial domicile they had continuous marital relations, and that they had not, in fact, lived separate and apart.
[1] Plaintiff says, “We did not.” The defendant says, “We did.” Under such circumstances it is impossible for the court to say which one of the parties testified to the truth. The matter is one which the laws of the state have carefully guarded against close Investigation into in the courts of justice. The “living separate ^and apart” referred to in Act 269 is the life which is manifest in the community in which the spouses live. The evidence thereof is not to be sought for behind the closed doors of the matrimonial domicile.
[2] The plaintiff introduced a witness who testified that Mrs. Hava said to him in the year 1913, in conversation, when Dr. Hava and she had had a falling out, “she didn’t think that there was any chance of their living together; that they had not for four years, and they wouldn’t live together any more. She felt that there was no use.” This witness was contradicted positively by Mrs. Hava.
Again, Dr. Hava offered in evidence a petition filed by Mrs. Hava August 17, 1906, asking for a separation, in which petition she alleged that “your petitioner determined, if though forced to live in the same house with him, she would cease to cohabit with him, and that since that day they have been separated in fact.” The suit referred to was never put at issue, and it was discontinued very shortly after it was filed. And Mrs. Hava testified that subsequent to the time re *333 ferred to in the petition she had borne several children of the marriage.
The evidence fails to substantiate the testimony of Dr. Hava.
Reference is made to the decision in the case of Jacobs v. Tobelman, 36 La. Ann. 842, which was a suit for divorce by the husband on the ground that more than one year had elapsed after the rendition of the judgment in a suit for separation, where reconciliation of the parties since the rendition of the judgment was alleged. In that case, the proof was that the husband was a very poor man, who, for several'months after the judgment was rendered, continued to live in the former domicile of the spouses, under the same roof with his wife, but in a separate room. It further appeared that he made a new home for himself and his children as soon as it was possible for him to do so, and in the meantime he had to live in the same house with his wife, or to expel her from that house. He chose the humane way of managing the situation.
Again, in the case of Millet v. Millet, 144 La. 921, 81 South. 400, where condonation was pleaded by the husband to the suit of the wife for separation, the proof was that she had been beaten by her husband, and that she was sick in bed for two weeks thereafter in the matrimonial domicile before she was able to leave her bed and travel. And that during that time her bedroom door was locked, and her husband was not admitted into the room. In that' case it was held that it was highly improbable that the parties would ever become reconciled toward each other.
But, these two cases are not authorities for holding that Dr. Hava and his wife had lived separate and apart for seven years prior to the filing of this suit. That fact has not been proved in this case.
Defendant’s reconventional demand for a separation on the ground of abandonment was dismissed as in case of nonsuit.
[3] The reconventional demand does not appear to have been tried. There is no note of evidence thereof in the record; and the judgment sentencing Dr. Hava to comply with the request to return to the matrimonial domicile was notified to him but one time. Under such circumstances, the judgment was properly one of nonsuit.
The judgment appealed from is affirmed at plaintiff’s cost.
O’NIELL, J., concurs in the decree.