OVERTON, J.
Plaintiff alleges that he and his wife have lived apart continuously, in this state, since the year 1906, and prays that he be granted a divorce. He relies for relief on Act 269 of 1916, the provisions'of which authorize the granting of -a divorce upon the application of either party to the marriage contract, whenever the parties have lived separately and •apart, continuously for seven years, and when the party suing for the divorce has lived in this state for that length of time.
Plaintiff and defendant were married in 1898, and this suit was • filed in 1923. Between the filing df the suit and some time in 1919, the husband and wife lived separately and apart. From some time in 1914 to 1919, both occupied the same house, though plaintiff occupied one room and defendant another. Defendant testified that, during the latter period, and in fact from the time of the trial of this case to about 1908, no sexual relations existed between him and his wife. The evidence leaves it doubtful whether such relations existed between 1908 and 1916 or 1917, but makes it clear that they did not exist for at least five years prior to the bringing of this suit.
We, however, may and do assume that, for more than seven years prior to the institution of this suit, no sexual relations existed between plaintiff and defendant, still the law does not make the absence of such relations, or the continued refusal oft the wife to comply with the wishes of the husband in that respect, a ground for divorce. What the law makes a ground for divorce is the living, separately and apart, of the husband and wife, continuously, for a period of seven years. This implies something more than a discontinuance of sexual relations, whether the discontinuance be occasioned by the refusal of the wife to continue them or not. It implies the living apart, for the above period, in such a manner that those in the neighborhood may see that the husband and wile are not living together. This is the view that the court took of the same statute in Hava v. Chavigny, 147 La. 330, 84 South. 892, in passing upon the same question, for there the court said :
“The ‘living separate and apart’ referred to in Act 269 is the life which is manifest in the community in which the spouses live. The evi *278 deuce thereof is not to be sought for behind the closed doors of the matrimonial domicile.”
In the case at bar, during that part of the seven-year period in which plaintiff lived in the same house with his wife, it may be said that, when the remaining members of the family moved, he moved with' them.
The case of Jacobs v. Tobelman, 36 La. Ann. 842, cited by plaintiff, involved the question whether there had been a reconciliation between the spouses, after a judgment of separation from bed and board had been granted; and the case of Millet v. Millet, 144 La. 921, 81 South. 400, also cited by plaintiff, involved the question whether there had been a condonation of the misconduct charged and constituting the basis of the suit for separation. Neither case is in point. The question here is not one of reconciliation or condonation, but one involving the right to a divorce.
Our learned brother of the lower court disallowed plaintiff’s demand. We think that the judgment rendered by him is correct.
For the reasons assigned, the judgment appealed from is affirmed, at appellant’s costs.