LAND, J.
 

 On December 8, 1921, plaintiff instituted suit for divorce'in tbe civil district court for the parish of Orleans against his wife, Mathilda Brown, alleging their marriage at Natchez, Miss., July 14, 18S8, their immediate removal to the city of New Orleans, and the subsequent birth of four children at the matrimonial domicile in said city. Plaintiff alleged, in article 3 of the petition:
 

 “That defendant herein, without cause or justification, abandoned petitioner in this city (New Orleans), on or about February 15, 1914, and that they have been living separate and apart of each other for the last seven years or more, during which time petitioner has been residing in the parish of Orleans, within the jurisdiction of this honorable court.”
 

 A default was entéred in the ease January 11, 1922. The following evidence, filed February 2, 1922, was taken on confirmation of the default:
 

 “O. B. Quinn, being first duly sworn, by the court, did testify as follows:
 

 ■ Mr. Morales: “Q. You are the Reverend O. B. Quinn, pastor of the First Evangelical' •Church of this city? A. Yes, sir. Q. What relation are you to Mathilda Brown, the defendant? A.'Husband. Q.’ How long’ have you been married to her? A. Since 1898. Q. Where did you marry her? A. In Natchez, Miss. Q. How long have yon been living here? A. 18 years. Q. Have you any children by that marriage? A. Yes, four: Cleveland, 19 years old, Hyams, 17, Eva, 14, and Elizabeth, 12. They are all living with me. Q. How long have you been separated? A. Since February, 1914. Q. 'Have you ever lived with your wife or had anything to- do with her since then? A. No, sir.”
 

 “J. E. Etienne, being first duly sworu by the court, did testify as follows:
 

 Mr. Morales: “Q. Do you know Mr. and Mrs. Quinn? A. Yes; for 10 years. Q. Do you know whether or not they are living together now? A. No, sir; they-are not. Q. How long have they been separated? A. Since February* 1914. Q. Ar.e you an intimate friend of both? A. Yes, sir. Q. Are you positive that since February, 1914, there has been no reconciliation between them? A. Yes; I am sir.”
 

 Mr. Morales: “I offer in evidence the entry . of default of date January 11, 1923 (1922) and the entire record in the case.”
 

 A judgment of absolute divorce was rendered on this evidence in open court ou January 23, 1922, and was read and signed in open court on Januhry 31, 1922.
 

 ’ On November 20, 1922, Mathilda Brown* plaintiff herein, brought the present action to annul the judgment of divorce rendered against her on the following grounds:
 

 “(a) That at the time said suit was filed, petitioner ignorant of her rights, was informed by said O. B. Quinn, not to file an answer, or ‘pay any attention’ to the papers served upon her, but simply to attend to her business and affairs-in the usual way, as the documents served upon, petitioner amounted to nothing.
 

 
 *573
 
 “(b) That petitioner, lulled by the false representations of said O. B. Quinn, her husband, did
 
 not
 
 file an answer, or consult or engage counsel as to her rights in the matter; that her said husband then proceeded to obtain a judgment by default against petitioner.
 

 “(c) That the allegations contained in said petition, and the testimony of her said husband and his one witness, who testified at the confirmation of said default, are false and untrue, as petitioner and her said husband were living together as man and wife since their marriage until about three or four years ago, when they became separated in the city of New Orleans during the month of April, 1919.
 

 “(d) That said judgment was obtained by the said O. B. Quinn through fraud, misrepresentations, and perjured testimony; that his swearing to the petition for divorce, and his testimony under oath in this honorable court are false and untrue; that petitioner and her said husband have not been separated for more than seven years, continuously, and the said O. B. Quinn had absolutely no grounds for securing a separation from bed and board or a divorce from his said wife, your petitioner.”
 

 The defendant filed an exception of no cause of action, and pleaded the judgment attacked as null by plaintiff as res adjudicata.
 

 These exceptions were overruled.
 

 Defendant answered plaintiff’s petition, by denying the allegations of fraud, misrepresentation, and perjured testimony, reciting and reaffirming fully and wholly the grounds upon which the judgment of divorce had been granted, and charging plaintiff with lending herself as a tool to defendant’s enemies in their attempt to harass and impede him in his daily work and in the. conduct of his church.
 

 On August 27, 1922, after the granting of the absolute divorce, defendant married Carrie Dents in j:he city of New Orleans.
 

 The second wife intervened in the present suit, and alleges .that plaintiff is estopped from attacking the validity of the second marriage, as plaintiff, as shown .upon the face of the public records, was regularly cited to appear and answer the petition for a divorce filed by Quinn, but made no defense to the suit, and let judgment go by default against her.
 

 The intervention was dismissed, and the judgment granting the divorce was annulled by the court below.
 

 Quinn, defendant in the present suit, and. plaintiff in the divorce suit, and the intervener have appealed.
 

 1. On the trial of this case, defendant was cross-examined under the act, and stated that he was ordained a minister on February 25, 1919; that he was then living in the Vicky Taylor house on Prieur street in the city of New Orleans, and that his wife was separated from him, but was living in one of the rooms of the same house with the children, and that he had resided at this place three or four years.
 

 The testimony in the case shows that the wife did not leave defendant until April, or later in the year 1919.
 

 As the divorce suit was'instituted on December 8, 1921, it is patent that defendant’s wife had not been separated from him since February 15, 1914, as falsely alleged and testified to by defendant and his witness on the trial of the case. There is no room for honest mistake or difference of opinion on this question.
 

 The petition having alleged “that the defendant abandoned petitioner on or about February 15, 1914, and that they have been living separate and apart of each other for the last seven years or more,” and the defendant and his witness having sworn, on the trial of the case, without any attempted .explanation of the true facts, that the husband and wife “had been separated for seven years,” a clear case of fraudem legis is p--esented, the court having been clearly deceived by the false allegations of the petition and plainly misled by the testimony offered at the trial.
 

 If plaintiff and his wife, had been living together in the same house for seven
 
 *575
 
 years, and sexual relations had ceased, as plaintiff contends, under these conditions, he would not have been entitled to a divorce under Act 269 of 1916, and would have failed utterly in maintaining his suit.
 

 This was the settled law of the case at the time the divorce proceedings were instituted, as this court had decided in Hava v. Chavigny, 147 La. 330, 84 So. 892, that—
 

 “The ‘living separate and apart’ referred to in Act 260 is the life which is manifest in the community in which the spouses live. The evidence thereof is not to be sought for behind the closed doors of the matrimonial domicile.”
 

 This decision is expressly approved and followed in Arnoult v. Letten, 155 La. 275, 99 So. 218, in which it is held:
 

 “What the law makes a ground for divorce is the living, separately and apart, of the husband and wife, continuously, for a period of seven years._ This implies something more than a discontinuance of sexual relations, whether the discontinuance be occasioned by the refusal of the wife to continue them or not. It implies the living apart, for the above period, in such a manner that those in the neighborhood may see that the husband and wife are not living together.”
 

 2. The defendant in the divorce suit was not estopped, by her failure, to' file answer and to defend the suit, from instituting the present action of nullity, the evidence in the present case convincing us that she was lulled into inactivity by the deception practiced upon her by her husband, in assuring her that the proceedings amounted to nothing, and that no legal steps on her part would be necessary. The testimony of the defendant on this point is strengthened, in our opinion, by the very nature of the proceedings themselves, instituted against her; for, without such deception, it would have been an easy matter for defendant to have defeated the suit for divorce brought against her by her husband, if the case had been contested by her.
 

 This court will noti countenance ill practices of this character, which clearly fall within the spirit, if not within the letter, of article 607 of the Code of Practice.
 

 As said in the recent case of Succession of Gilmore, 157 La. 133, 102 So. 95:
 

 “The courts of this state will not hesitate to afford relief against judgments, irrespective of any issue of inattention or neglect, when the circumstances under which the judgment is rendered show the deprivation of legal rights of the litigant who seeks relief, and when the enforcement of the judgment would be unconscientious and inequitable.”
 

 The judgment of divorce was properly annulled by the court below, both for ill practices toward the defendant by plaintiff, as well as on the ground of fraudem legis and imposition upon the trial court.
 

 3. The intervention was also properly dismissed, as the plea of estoppel set up therein and leveled at the right of defendant in the divorce suit to bring the present action of nullity is without foundation.
 

 4. The plea of exception of no cause of action, and the plea of res adjudicata, were also correctly overruled, as the petition upon its face discloses a cause of action, and, as it is elementary that in an action of nullity the judgment assailed cannot be pleaded as res adjudicata.
 

 “Non potest adduci exceptio ejusdem rei cujus petitur dissolutio.”
 

 Judgment affirmed.