(106 So. 781)

No. 25312.

### SINGLETON v. ROGERS.

(Jan. 4, 1926.)

*(Syllabus by Editorial Staff.)*

Divorce ⬡ᴐ36—Occupying different rooms in same domicile not "living separate and apart" within statute.

Where husband and wife since marriage continuously occupied the matrimonial domicile, which was a small house of two rooms, one occupied by husband and the other by the wife, there was no "living separate and apart" within Act No. 269 of 1916, authorizing divorce where parties lived separate and apart for seven years.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Live Apart.]

Appeal from Civil District Court, Parish of Orleans; Percy Saint, Judge.

Suit for divorce by George Singleton against Hattie Rogers. Judgment for defendant, and plaintiff appeals. Affirmed.

J. A. Morales, of New Orleans, for appellant.

Paul A. Sompayrac, of New Orleans, for appellee.

ROGERS, J. The parties to this litigation are an aged couple, who were married in July, 1901. In March, 1921, plaintiff brought this suit for a divorce under the provisions of Act 269 of 1916. The court below rejected plaintiff's demand, and he has appealed to this court to revise the judgment.

Plaintiff's action is founded upon the allegation that in the year 1903 defendant abandoned the conjugal domicile, and that they have been living separate and apart from each other for seven years or more. The evidence adduced on the trial of the case, however, affirmatively shows that the parties have since their marriage continuously occupied the matrimonial domicile. At the time of the institution of this suit, this domicile was a small house, consisting of two rooms, situated in the city of New Orleans. One of the rooms was occupied by plaintiff and the other room was occupied by defendant.

The case falls within the principle announced by this court in Hava v. Chavigny, 147 La. 331, 84 So. 892, in which it was held that the living separate and apart referred to in Act 269 of 1916 is the life which is manifest in the community in which the spouses live, and that the evidence thereof is not to be sought behind the closed doors of the matrimonial domicile. This construction of the statute was approved and followed in Arnoult v. Letten, 155 La. 275, 99 So. 218. See, also, to the same effect, Quinn v. Brown, 159 La. 570, 105 So. 624.

Judgment affirmed.