QUINN v. FIRST EVANGELIST BAPTIST CHURCH

(July 1, 1931. Opinion and Decree.)

Wisdom & Sokolsky, of New Orleans, attorneys for plaintiff, appellee.

Paul W. Maloney, of New Orleans, attorney for defendant, appellant.

WESTERFIELD, J. Plaintiff brings this suit against the First Evangelist Baptist

Church for three months' salary at $100 per month, for services rendered as its pastor during the months of June, July and August, 1930.

The defendant church denies liability upon the ground that plaintiff was dismissed following a hearing upon charges involving immoral conduct preferred against him.

There was judgment below in plaintiff's favor as prayed for, and defendant has appealed.

Under the charter of the church, its pastor holds office during "good behavior." The government of the church is vested in a "Board of Eight Trustees including the pastor and seven deacons." "Seven members of said Board shall constitute a quorum." The members of the board of trustees are elected yearly by a two-thirds vote of the congregation after thirty days prior notice given by the pastor by verbal announcement from the pulpit. They hold office until their successors have been nominated and qualified.

On June 16, 1930, at a meeting at which only six members of the board were present, Quinn, himself, being absent, a resolution was adopted condemning Quinn upon the ground that, in the hearing of a suit against his wife for divorce, the court had found that Quinn was guilty of perjury and fraud. No. 139821 C. D. C., Quinn v. Brown, 159 La. 570, 105 So. 624. Thereafter on June 21, 1930, an injunction was applied for in the civil district court for the parish of Orleans for the purpose of preventing Quinn from acting as pastor of the church, and from interfering with religious services. The resolution of the board of trustees adopted on June 16th, the minutes of which meeting were attached to the petition, was the basis of the injunction suit. An exception was filed on behalf of Quinn, in which the authority of those purporting to act for the church was questioned, and the validity of the resolution, adopted at the meeting of June 16th, assailed upon the ground that no quorum was present. The exceptions were maintained, and the suit was dismissed. No. 187899 C. D. C.

On July 12, 1930, three days after judgment had been rendered in the injunction suit referred to, another suit (No. 187465 C. D. C.) was instituted against Quinn by the same individuals who had filed the first suit. A temporary restraining order was issued, and a final injunction prayed for against Quinn to prevent him from acting further as pastor of the church. This second suit was excepted to upon the ground that quo warranto and not an injunction suit was the proper procedure in which to test title to office. The exception was overruled and an answer to the merits filed, in which it was denied that Quinn had been legally dismissed. This second suit was tried on August 15, 1930, and it resulted in the discharge of the rule nisi, and a denial of the injunction upon the ground that up to that time Quinn had not been properly dispossessed of his office. In this suit, as in the first, no appeal was taken.

In the meantime, on June 30, 1930, at an apparently legal meeting of the board of trustees, confidence in Quinn was expressed, and the action of the members who participated in the meeting of June 16, which had adopted a resolution dismissing Quinn from office, condemned. There was also a meeting held on July 10, 1930, in which there appears to have been a quorum present, and at that meeting a resolution was adopted approving the action of the informal meeting of June 16, and again dismissing Quinn.

It is quite evident that a considerable number of the members of the First Evangelist Baptist Church were dissatisfied with their pastor, and we might add that this spiritual leadership and celestial guidance was materially affected by a lack of confidence on the part of a large number of members of his congregation in the morality of his conduct and general fitness for his pastoral duties, a lack of confidence which, in all fairness it must be conceded, was not wholly without justifiable cause. However that may be, the question for our decision is whether, as a matter of fact, Quinn was dismissed in accordance with the charter, under which the church which employed him operated.

In so far as the action of the meeting of June 16th is concerned, the failure to have a quorum present was fatal, and the resolution discharging Quinn of no effect. But the meeting of July 10th, at which there was present a legal quorum, and at which meeting Quinn was again discharged and the proceedings of the informal meeting ratified and approved, seems to us to have been more effective. The objection to this meeting urged by counsel for plaintiff is based solely upon the ground that no proper notice thereof had been given. We find, however, that the meeting had been announced from the pulpit by the chairman of the board of trustees, which is the method pointed out in the charter of defendant for giving notice of meetings of the board of trustees.

We are of opinion, therefore, that Quinn was discharged as a result of that meeting, and that from that date he ceased to function as the pastor of the First Evangelist Baptist Church, and was not entitled to the emoluments of his office from that day forward. The record indicates that no salary had been paid Quinn since May, consequently he should receive $100 for June, and $33.33 for July.

For the reasons assigned, the judgment appealed from is amended by reducing the amount of the judgment from $300 to $133.33, and, as thus amended, it is affirmed. The costs of this court to be borne by plaintiff and appellee, and those of the lower court by defendant and appellant.

MORENO and DUNBAR, JR., Judges ad hoc, participating.