359 So.2d 1310 (1978)
Judy Foret DUNCAN
v.
Kenneth Addison DUNCAN.
No. 11962.
Court of Appeal of Louisiana, First Circuit.
May 1, 1978.
Gerard E. Kiefer, Baton Rouge, of counsel for plaintiff-appellee Judy Foret Duncan.
Johnny X. Allemand, Thibodaux, Paul Hebert Jr., of Breazeale, Sachse & Wilson, Baton Rouge, of counsel for defendant-appellant Kenneth Addison Duncan.
Before LOTTINGER, EDWARDS and PONDER, JJ.
LOTTINGER, Judge.
This is an appeal from a dismissal of the defendant's exceptions of prematurity and no cause and no right of action, and a granting to the plaintiff of a divorce based on living separate and apart continuously for a period of two years or more.
The facts are undisputed that on June 11, 1975, Mr. Duncan, defendant-appellant, left the matrimonial domicile on a business trip. On June 14, 1975, Mrs. Duncan decided to cease living together as man and wife, and on June 15, 1975, she left the matrimonial domicile, removing some of her belongings.
On June 14, 1977 Mrs. Duncan filed suit for divorce based on living separate and apart for a period of two years or more. LSA-R.S. 9:301. The defendant timely filed a dilatory exception of prematurity along with a peremptory exception of no cause and no right of action. The trial judge overruled the exceptions and granted plaintiff the divorce stating: "at that time [June 14, 1977] the parties had been living separate and apart for two years and three days, and exactly two years had elapsed since Mrs. Duncan had concluded that she desired to discontinue the marital relationship." The facts and testimony unequivocally confirm that Mrs. Duncan physically remained in the matrimonial domicile until June 15, 1975.
Defendant-appellant argues that the trial judge erred in (1) finding that the two year period of separation began to run on June 11, 1975, or June 14, 1975, rather than June 15, 1975, (2) denying the plea of prematurity *1311 to the original petition filed June 14, 1977, (3) finding plaintiff to have a right or cause of action as of June 14, 1977, and (4) allowing the amended petition of June 27, 1977 to relate back and cure the defects of the premature filing of the original petition of June 14, 1977.

ERROR NO. 1
Appellee argues that all that is legally required is that one party decide not to live with the other and take some action to bring about the separation. The intent or knowledge of the other party is immaterial, citing Otis v. Bahan, 209 La. 1082, 26 So.2d 146 (1946) and Sciortino v. Sciortino, 209 So.2d 355 (La.App. 4th Cir. 1968), writs refused 252 La. 461, 211 So.2d 328 (1968). Mrs. Duncan contends that since she decided not to live with her husband and took some action by packing her clothes on June 14, 1975, she has met all the legal requirements. We disagree.
To authorize a separation or divorce, the living separate and apart must be in such a manner that those in the neighborhood or community may see that the husband and wife are not living together. Quinn v. Brown, 159 La. 570, 105 So. 624 (1925); Arnoult v. Letten, 155 La. 275, 99 So. 218 (1924); Hava v. Chavigny, 147 La. 330, 84 So. 892 (1920); Boyd v. Boyd, 348 So.2d 121 (La.App. 4th Cir. 1977).
This jurisprudential standard when applied to the facts of this case compels the finding that the two year period commenced on June 15, 1975, the date on which plaintiff-appellee physically left the matrimonial domicile. We hold that as a matter of law the two year period of separation commenced on June 15, 1975.

ERRORS NO. 2, 3 & 4
Since we have above concluded that the separation between Mr. and Mrs. Duncan did not commence until June 15, 1975, plaintiff's suit filed on June 14, 1977, is premature, thus there is no need to discuss the exception of no cause of action.
On June 27, 1977, plaintiff filed an amended petition changing the date of separation to June 15, 1975. We are not cognizant of any rule of law that allows an exception of prematurity to be cured by an amended pleading. LSA-C.C.P. art. 933 in part provides that if the exception of prematurity is sustained, "the suit shall be dismissed". Further, as we held in Pepe v. Drouant, 311 So.2d 582 (La.App. 1st Cir. 1975), an amended petition cannot relate back to the date of the original petition when the cause of action alleged had not then occurred. Thus, the trial judge was in error in denying the exceptions.
Therefore, for the above and foregoing reasons the judgment of the trial court is reversed, and IT IS ORDERED, ADJUDGED and DECREED that plaintiff's suit be and the same is hereby dismissed without prejudice at appellee's cost.
REVERSED AND RENDERED.
EDWARDS, J., concurs in this harsh, but technically correct result.