KLIEBERT, Judge.
We originally considered this case on the wife-appellant’s appeal from a judgment of divorce. See Bouzon v. Bouzon, 527 So.2d 357 (5th Cir.1988). The husband-appellee neither filed an appeal nor answered the wife’s appeal. Instead, he filed a motion to dismiss the appeal on the grounds it was frivolous and in conjunction therewith and in his brief asked for damages and attorney fees for a frivolous appeal. Although we held the appeal to be frivolous and stated the appellee would be entitled to damages and attorney fees, on the basis of C.C.P. Article 2133[1] and the jurisprudence cited in our opinion, we made no award because appellee[2] neither appealed nor answered the appeal.
The supreme court, without saying what constitutes an answer but, considering a timely motion to dismiss the appeal based on its being frivolous as sufficient procedural compliance with Code of Civil Procedure Article 2133, granted certiorari and remanded the case to us saying:
“Granted. Case is remanded to the court of appeal to award damages and attorney fees for a frivolous appeal. Relator filed a motion to dismiss appeal on ground that it was frivolous and requested damages and attorney fees in that motion. See Arnoult v. Arnoult, 498 So.2d 749 (La.1986).”
532 So.2d 1386.
In his original brief counsel for the husband suggested damages of $1,000.00 per month and attorney fees of $1,500.00. We award plaintiff damages as follows: (1) Attorney fees $1,500.00 [See Schnatz v. Schnatz, 501 So.2d 318 (5th Cir.1985) writ denied 504 So.2d 877], and (2) a return of all alimony pendente lite paid since the date the judgment of divorce rendered would otherwise have become final. Roland v. Roland, 519 So.2d 1177 (1st Cir.1987). All costs are taxed to the wife-appellant.
JUDGMENT RENDERED.

. Code of Civil Procedure Article 2133 provides as follows:
"An appellee shall not be obliged to answer the appeal unless he desires to have the judgment modified, revised, or reversed in part or unless he demands damages against the appellant. In such cases, he must file an answer to the appeal, stating the relief demanded, not later than fifteen days after the return day or the lodging of the record whichever is later. The answer filed by the appellee shall be equivalent to an appeal on his part from any portion of the judgment rendered against him in favor of the appellant and of which he complains in his answer. Additionally, however, an appellee may by answer to the appeal, demand modification, revision, or reversal of the judgment insofar as it did not allow or consider relief prayed for by an incidental action filed in the trial court. If an appellee files such an answer, all other parties to the incidental demand may file similar answers within fifteen days of the appel-lee’s action.”

. Kendrick v. Garrene, 231 La. 462, 91 So.2d 603 (1956) holding a motion to dismiss an appeal cannot be based on the ground the appeal is frivolous, and damages for a frivolous appeal can only be claimed by answer to the appeal.