624 So.2d 1295 (1993)
Carolyn Donaldson VERON, Plaintiff-Appellant,
v.
J. Michael VERON, Defendant-Appellee.
No. 92-1171.
Court of Appeal of Louisiana, Third Circuit.
October 6, 1993.
*1296 Robert Charles Lowe, New Orleans, Robert M. McHale, Lake Charles, for Carolyn Donaldson Veron.
Alvin Bardine King, John Michael Veron, Lake Charles, H.F. Sockrider Jr., Shreveport, Joe J. Tritico, Lake Charles, for J. Michael Veron.
Before DOMENGEAUX, C.J., and SAUNDERS and WOODARD, JJ.
SAUNDERS, Judge.
This is an appeal brought by Carolyn Veron, plaintiff-appellant herein, from a judgment of divorce granted in favor of defendant-appellee, J. Michael Veron. After our review of the record, jurisprudence and appellate briefs, we find no error in the judgment of the trial court and, thus, we affirm.

FACTS
On January 15, 1992, Mr. Veron filed a Petition for Divorce and Determination of Incidental Matters seeking a divorce pursuant to Article 102 of the Louisiana Civil Code, joint custody of the minor children and partition of the community. On February 27, 1992, Carolyn Veron filed a petition for divorce pursuant to LSA-C.C. art. 102, as well as for child support, custody, a preliminary injunction and alimony. On February 27, 1992, Mrs. Veron also filed a motion to consolidate these two suits which was granted by the trial court. On August 14, 1992, J. Michael Veron filed a Rule to Show Cause for Divorce seeking a divorce pursuant to LSA-C.C. art. 102. The trial court signed the order for the rule to show cause setting the motion for hearing on August 25, 1992. On August 21, 1992, Carolyn Veron filed a motion to continue, alleging that the case was not in the proper posture to render a divorce because the issues of fault, permanent alimony, custody and child support had not been litigated and would not be litigated until October 13th and 14th of 1992. The trial court set the motion for continuance to be fixed for hearing on August 25, 1992, also.
On August 25, 1992, Mrs. Veron filed a second motion for continuance based on the inclement weather caused by Hurricane Andrew. On August 25, 1992, a hearing was held and the trial court, after denying the motions for continuances, rendered judgment in favor of Michael Veron finding that the parties had lived separate and apart for a period of 180 days and granted a divorce pursuant to LSA-C.C. art. 102. On that same date, Carolyn Veron filed a Notice of Intention to apply for Supervisory Writs. On September 8, 1992, this court denied the writ finding that there was no clear error in the trial court's granting of the divorce separate from other incidental matters which were fixed for hearing on October 13th and 14th, 1992. Ultimately, this appeal followed.

ASSIGNMENTS OF ERROR
Carolyn Veron contends that the trial court erred in denying her motion to continue the hearing on the rule to show cause for approximately two months, the date set for the hearing on the incidental demands. Additionally, Carolyn Veron contends that the trial court erred in granting Mr. Veron, defendant-appellee, a divorce under LSA-C.C. *1297 art. 102, based upon living separate and apart for 180 days, before discovery on fault, for purposes of post-divorce alimony, could be completed.

DISCUSSION
LSA-C.C. art. 102 states:
A divorce shall be granted upon motion of a spouse when either spouse has filed a petition for divorce and upon proof that one hundred eighty days have elapsed from the service of the petition, or from the execution of written waiver of the service, and that the spouses have lived separate and apart continuously since the filing of the petition.
The trial court, in denying plaintiff's motions to continue and in granting defendant a LSA-C.C. art. 102 divorce, stated in his oral reasons for judgment, as follows:
"THE COURT: The first motion filed 8/21/92 sets forth issues with regard to the 102 proceeding with regard to questions of fault, permanent alimony, custody, which is set for the 13th and 14th of October, in that, all of those matters, of course, will be addressed at that time, and whether or not it would be judicially efficient to hear the matter at this time and then hear it again the 13th and 14th of October. In reading the statutes, as the legislature has produced them for us, it does not prevent an individual from filing a motion for a rule or judgment in a 102 divorce and asking for the divorce to terminate. The only, I think, problem with a 102 which would arise would be whether or not during the period of time that these parties have been separated, they raised the question of a reconciliation. In this case, there is no question of reconciliation before this Court. The motion requested all matters be consolidated with regard to the divorce itself under 102. This Court, in reading the statutes, finds that 102 mandates that this Court, of course, upon the parties meeting the requirements of the statute, be granted a divorce."
The Fourth Circuit was faced with a similar issue in Watters v. Watters, 607 So.2d 948 (La.App. 4th Cir.1992), writ denied, 610 So.2d 819 (La.1993), wherein Mrs. Watters appealed contending that the trial court erred in granting a LSA-C.C. art. 102 divorce while issues of fault were still pending. The Fourth Circuit, in affirming the judgment of the trial court, stated at page 949, as follows:
"The comments to Act 1009 regarding an article 102 cause of action provide that the judgment of divorce be granted pursuant to a rule to show cause, after the 180 day waiting period, if there has been no reconciliation between the parties. The comments to La.C.C.P. article 3954 which concern abandonment of an article 102 action provide that if a party does not proceed with the filing of a rule to show cause within a reasonable time it is deemed abandoned. These comments express the legislature's intent that an action under article 102 is a stream-lined procedure for divorce that parties may opt to use. The requirements for an article 102 action are relatively few, the time delays are brief and the demands on the court are limited. The defendant is not even required to file an answer. Our reading of the comments do not suggest that a trial court must hear arguments on fault issues preliminary to or simultaneously with an article 102 rule to show cause."
Likewise, in Napoli v. Napoli, 543 So.2d 98 (La.App. 1st Cir.1989), Mrs. Napoli appealed from the trial court's judgment which awarded her husband a divorce pursuant to LSA-R.S. 9:301 (living separate and apart in excess of one year) while, at the same time, severing the issue of fault to be decided at a later time. The court stated at page 100, as follows:
"On the authority of La.Code Civ.Pro. art. 1038, a trial judge has the discretion to "order the separate trial of the principal and incidental actions" in a lawsuit. We initially note it is this Court's opinion that, in cases of this nature, it is in the interest of judicial efficiency, as well as the spouses, for a trial judge to make a determination of the permanent alimony fault issue when the merits of the divorce are being determined. However, we cannot say the trial judge in this instance abused her great discretion in ordering a severance of the two. La.R.S. 9:301 provides the statutory *1298 right of spouses to a divorce based on the grounds of living separate and apart continuously for a period of one year or more. Although the trial judge provided no reasons for granting the severance, it is obvious that there was no contest as to Mr. Napoli's entitlement to a divorce as Mrs. Napoli admitted at trial the parties had lived separate and apart without reconciliation for more than one year."
Finally, we find that the mandate set forth in Nethken v. Nethken, 307 So.2d 563 (La. 1975), a case involving a LSA-R.S. 9:302 (now repealed) divorce based upon no reconciliation for a period of six months or more following a judgment of separation, still holds true as to the right to a divorce after the passing of a prescribed statutory time without reconciliation.
The Louisiana Supreme Court stated in Nethken, supra, at page 566:
"The granting of the final judgment of divorce thereafter in favor of the husband, on the ground that no reconciliation had taken place as provided by Section 302 of Title 9 of the Revised Statutes, does not depend upon any question of fault on the part of either spouse. Such a divorce decree is founded entirely upon the absolute right of either spouse to obtain the divorce on the proof merely that there has been no reconciliation during the probation period allowed by the statute. In fact, insofar as the divorce decree is concerned, in such a case, only evidence bearing upon the question of reconciliation is relevant. August v. Blache, 200 La. 1029, 9 So.2d 402 (1942)."
(Emphasis ours.)
Mrs. Veron's contention is that by allowing Mr. Veron to proceed with the divorce without litigating the issue of fault, the court has effectively terminated her claim to alimony pendente lite. At the same time, she will be prevented from claiming post-divorce alimony until there has been a determination that she was free from fault in causing the divorce, an essential element of post-divorce alimony.[1]
Under the present status of the law, a movant is entitled to a divorce after meeting the requirements of LSA-C.C. art. 102. As to the determination of incidental matters, LSA-C.C. art. 105 provides, as follows:
In a proceeding for divorce or thereafter, either spouse may request a determination of custody, visitation, or support of a minor child; support for a spouse; injunctive relief; use and occupancy of the family home or use of community movables or immovables; or use of personal property.
At present, there is no requirement that the trial court hear arguments on fault issues prior to or together with a rule to show cause under LSA-C.C. art. 102, allowing for divorce based upon spouses having lived separate and apart continuously from the filing of the petition. Any need to remedy this potential hiatus in the law must be dealt with by the legislature.
In the case at bar, both Mr. Veron's rule to show cause for divorce under LSA-C.C. art. 102 and his affidavit of August 20, 1992, entered into evidence at the rule to show cause hearing on August 25, 1992, attested to the fact that he and his wife, Carolyn, had lived separate and apart continuously and without any reconciliation since the original petition was served on Mrs. Veron on February 13, 1992. As such, we find that the trial court correctly denied Mrs. Veron's motions to continue and correctly granted Mr. Veron's divorce based upon LSA-C.C. art. 102.

ANSWER TO APPEAL
By his answer to appeal, Mr. Veron prays for damages for frivolous appeal to cover his attorney's fees and litigation expenses pursuant to LSA-C.C.P. art. 2164.
Mrs. Veron took writs from the trial court's grant of Mr. Veron's LSA-C.C. art. 102 judgment of divorce, which were denied by this court on September 8, 1992, wherein we stated that there was no clear error nor abuse of discretion in the ruling of the trial *1299 court granting a divorce separate from other incidental matters which were fixed for hearing on October 13 and 14, 1992. Mrs. Veron's writ application to the Louisiana Supreme Court was also denied on October 16, 1992.
Mrs. Veron then brought this appeal on September 22, 1992. Mr. Veron answered the appeal praying for damages for frivolous appeal. On December 22, 1992, pursuant to Mr. Veron's motion to dismiss filed November 17, 1992, we dismissed Mrs. Veron's appeal finding that the law of the case had been adjudicated by the prior writ denial.
Subsequently, Mrs. Veron took writs from this court's dismissal of her appeal. This appeal was reinstated by the Louisiana Supreme Court which determined that the earlier writ denial was not a final judgment and did not bar reconsideration on appeal of the issue on the merits. See State v. Fontenot, 550 So.2d 179 (La.1989).
LSA-C.C.P. art. 2164, which provides for damages for frivolous appeals, is penal in nature and must be strictly construed. Pension Inv. Corp. v. East Baton Rouge, 583 So.2d 598 (La.App. 1st Cir.1991). Likewise, appeals are favored and penalties for frivolous appeals will not be imposed unless they are clearly due. See Howard v. Howard, 580 So.2d 696 (La.App. 2d Cir.1991). In this case, Mrs. Veron's position was briefed extensively and we believe her contentions were brought in good faith. Although her appeal is unsuccessful, the issues raised are not so frivolous as to warrant damages on appeal. We are unable to say that it is obvious that her appeal was taken solely for the purpose of delay. As such, we do not find her appeal frivolous and do not find that Mr. Veron is entitled to damages for frivolous appeal.

CONCLUSION
Based upon the foregoing, the judgment of the trial court is affirmed. Plaintiff-appellant, Carolyn Donaldson Veron, shall be cast with all costs of this proceeding.
AFFIRMED.
WOODARD, J., dissents with written assigned reasons.
WOODARD, Judge, dissenting.
I respectfully dissent for the following reasons.
Counsel for defendant argues essentially that La.C.C. Art. 102 mandates that a divorce be granted when either party requests it once the requirements of the article have been satisfied. I agree. But, the article does not require a judge to do so within a specified time frame. Clearly, that time frame is usually dictated by a particular judge's discretion as to how he or she wishes to structure his or her docket.
In the case, sub judice, the trial court had obviously complied with the mandate of Art. 102, by setting the trial on the merits for October 13-14, 1992, in its pre-trial order, dated July 1, 1992, which was within its docket control discretion.
According to La.C.C.P. Art. 1551, such an order preempts all other mandates:
Art. 1551. Pre-trial conference; order
In any civil action in a district court the court may in its discretion direct the attorneys for the parties to appear before it for a conference to consider:
(1) The simplification of the issues;
(2) The necessity or desirability of amendments to the pleadings;
(3) What material facts and issues exist without substantial controversy, and what material facts and issues are actually and in good faith controverted;
(4) The possibility of obtaining admissions of fact and of documents which will avoid unnecessary proof;
(5) The limitation of the number of expert witnesses; or
(6) Such other matters as may aid in the disposition of the action.

The court shall render an order which recites the action taken at the conference, the amendments allowed to the pleadings, and the agreements made by the parties as to any of the matters considered, and which limits the issues for trial to those not disposed of by admissions or agreements of counsel. Such order controls the subsequent *1300 course of the action, unless modified at the trial to prevent manifest injustice.

(Emphasis added).
La.C.C.P.Art. 1551 and La.C.C.Art. 102 are not mutually exclusive. The mandate of rendering a divorce pursuant to 102 can still be met in the context of the judge's discretionary docket fixing.
It is clear from the record that Ms. Veron relied on, as she had a right to do, the above pre-trial order, as well as two others, which stated that the trial on the merits would be assigned only "after all ancillary matters have been agreed upon or adjudicated." (See first order, dated February 12, 1992; second order, dated February 27, 1992)
There is nothing in the record to suggest that any of these pre-trial orders were "modified at the trial to prevent manifest injustice." As such, the orders remained in effect and should have controlled the proceedings. Accordingly, Mr. Veron's Rule could and should have been set for October 13, 1993.
Setting Ms. Veron's Motion for Continuance on the same date as the Rule for Judgment of Divorce, then denying her motion in contravention of the previous three pre-trial orders and rendering a 102 divorce, were improper and lead to an unfair result, albeit, unintentionally.
NOTES
[1] In this case, we have a "Catch 22" scenario. Due to the instant appeal, preventing the finality of the August 25, 1992, judgment of divorce, Mrs. Veron's alimony pendente lite will not be terminated until this appeal is final.