JiBROWN, Judge.
We are asked to decide whether the trial judge was clearly wrong in rejecting defendant’s claim of reconciliation in this divorce action based upon La.Civil Code Art. 102.

FACTS

David and Karen Woods were married on January 2, 1976. They had two children and made their home in Lincoln Parish, Louisiana. On November 15,1993, plaintiff, Karen Woods, filed a petition for divorce. Custody of the children was awarded pursuant to a joint custody plan with plaintiff being designated the domiciliary parent. Plaintiff was awarded child support and alimony pendente lite.
On May 16, 1994, plaintiff filed a rule to show cause why a judgment of divorce should not be granted, alleging that more than 180 days had elapsed since defendant was served with her petition for divorce and that there had been no reconciliation between the parties. Defendant filed an answer on May 23, 1994, asserting that a judgment of divorce should not be granted because he and plaintiff had reconciled.
Following a hearing on the rule, the trial court rendered its judgment on June 24, 1994. The court found that the evidence did not establish reconciliation and granted plaintiff a divorce. It is from this judgment that defendant, David Woods, has appealed.

DISCUSSION

Reconciliation is the forgiveness of or at least a willingness to ignore the fault that could cause a divorce and a resumption of the marriage. Under La.Civil Code Art. 104, an action for divorce is extinguished by the reconciliation of the parties. A mutual intent to reestablish the martial relationship on a permanent basis is required for a reconciliation. The motives and intentions of the parties to restore and renew the marital relationship is a question of fact determined by thej¿trial judge from the totality of the circumstances. Jordan v. Jordan, 394 So.2d 1291 (La.App. 1st Cir.1981); Halverson v. Halverson, 365 So.2d 600 (La.App. 1st Cir.1978).
In his testimony, defendant, David Woods, did not claim that the parties resumed their sexual relationship, but asserted that the two had attended social events and special occasions, including Christmas, Valentine’s Day and their wedding anniversary, *136 and had acted affectionately and forgivingly at these events. David Woods stated that he stayed overnight at the matrimonial home on April 30, 1994. Also, during part of the 180 day separation period, defendant had stayed in a garage apartment behind the matrimonial home and had on occasion showered in the home.
Karen Woods stated that her intent was always to end the marriage and that her actions were to avoid hurting her husband and to make the separation easier on the two girls.
Numerous letters written by defendant to plaintiff were filed into evidence and clearly demonstrate that from November 1993 to May 1994, David Woods wanted to reconcile with plaintiff. These letters, however, make it clear that Karen Woods was not of the same mind. An April 26, 1994, letter states, “Your heart remains cold and dark because you are unwilling to give us a chance for love and peace.” Following the April 30th overnight stay, a letter dated May 4th states, “Please stop hurting the family that loves you so much.” Thus, after every instance in which defendant claims a reconciliation occurred, a letter from him indicates that such was not the intent of plaintiff.
Reconciliation is a factual determination of whether a mutual intent existed to resume the marital relationship. Garrett v. Garrett, 324 So.2d 494 (La.App.2d Cir.1975), affirmed, 326 So.2d 372 (La.1976); Jordan, supra. The necessary Rintent must be possessed by both parties, not just one. Separated couples who cohabit on a trial basis do not have a present intent to resume married life on a permanent basis. In this ease, the wife acted in good faith to ease the pain of divorce on her husband and children. Considering the rancor seen too often by courts in domestic matters, such concern is admirable. This desire, however, does not evidence the required intent to forgive, restore and renew the marriage on a permanent basis. Thus, we cannot say that the trial court was clearly wrong in rejecting the defense of reconciliation.

CONCLUSION

For the reasons set forth above, the judgment of the trial court is AFFIRMED at defendant’s, David Woods’, cost.
HIGHTOWER, J., concurs with written reasons.