715 So.2d 1244 (1998)
Henry H. LEMOINE, Jr., Plaintiff-Appellee,
v.
Brenda Gremillion LEMOINE, Defendant-Appellant.
No. 97-1626.
Court of Appeal of Louisiana, Third Circuit.
July 1, 1998.
*1245 William M. Ford, Alexandria, for Henry H. Lemoine Jr.
Nancy Sue Gregorie, Baton Rouge, for Brenda Gremillion Lemoine.
Before THIBODEAUX, SAUNDERS and WOODARD, JJ.
THIBODEAUX, Judge.
This is an appeal from a judgment granting a final divorce pursuant to La.Civ.Code art. 102. Brenda Lemoine asserts that the trial court incorrectly granted the divorce based upon a finding that the parties lived separate and apart for 180 days following service of the petition for divorce. The trial court equated the requirement of living "separate and apart continuously" under Article 102 with a lack of reconciliation. Mrs. Lemoine contends that the correct inquiry should have been whether the parties lived separate and apart continuously for 180 days.
We find that La.Civ.Code art. 102 contemplates reconciliation as a method for extinguishing a cause of action for divorce and that the trial court did not act in error in its evaluation of whether the requirements of La.Civ.Code art. 102 had been met in this divorce action. Further, we disagree with Henry Lemoine's assertion that Brenda Lemoine's appeal is frivolous and made solely for the purpose of continuing his alimony pendente lite obligation. Therefore, his request for attorney fees, expenses, and a reimbursement of alimony pendente lite payments made during the pendency of this appeal is denied. The trial court's judgment is affirmed.

I.

ISSUE
We must determine:
1. whether there is a substantive difference between reconciliation and failing to live separate and apart in determining whether a defense exists to granting a divorce pursuant to La.Civ.Code art. 102; and,
2. whether Mrs. Lemoine filed a frivolous appeal which would warrant the grant of attorney fees, expenses, and reimbursement for alimony pendente lite payments made during the pendency of the appeal.

II.

FACTS
Brenda and Henry Lemoine physically separated on February 18, 1997, when Mr. Lemoine moved out of the marital domicile. On that same date, Mr. Lemoine filed a Petition for Divorce and Other Relief requesting that he be granted a divorce pursuant to La.Civ.Code art. 102 once all legal delays and requirements of law had been met. Mrs. Lemoine was personally served on February 24, 1997. On March 11, 1997, she filed an Answer and Reconventional Demand for a divorce pursuant to La.Civ.Code art. 102, as well. A hearing on the rule for custody, child support and alimony pendente lite was held on July 28, 1997, and Mrs. Lemoine was granted alimony pendente lite in the amount of $2,000.00 per month, in addition to $950.00 per month in child support for their teenaged son.
On August 25, 1997, 187 days after filing the Petition for Divorce and Other Relief, Mr. Lemoine filed a Motion for Final Divorce, requesting Mrs. Lemoine be required to show cause why a Judgment of Divorce should not be rendered. Mr. Lemoine alleged that 180 days had elapsed since service of process had been made on Mrs. Lemoine, and that 180 days had elapsed before the filing of his rule to show cause. He also asserted that the parties had lived separate and apart continuously with no reconciliation since the filing of his Petition for Divorce and Other Relief. Mrs. Lemoine answered and denied Mr. Lemoine's allegations that they had lived separate and apart continuously since the initial separation.
The Lemoines traveled out of town together on four occasions on overnight trips after their separation. It was also established at the trial that Mr. Lemoine stayed overnight *1246 with Mrs. Lemoine at the former marital domicile on at least four occasions after the separation, during which time they resumed sexual relations. The parties and their son testified that Mr. Lemoine's visits were intermittent, although he sometimes stayed for a few days at a time. Mr. Lemoine rented a separate residence during their separation, and stated he never intended to return to the marital domicile. Further, he always brought his clothes with him whenever he stayed overnight, and never moved any of his possessions back into the home. At the conclusion of the hearing, the court stated orally:
The court does not find reconciliation in this case. There was no intent, really, toor a meeting of the minds where reconciliation was achieved. Occasional sexual encounters or going out, interacting in a sociable manner, that, itself, does not constitute a reconciliation. In fact, this Court sees that as quite mature.
The actions no [sic] not constitute reconciliation. The reason being that the Court believes that the purpose of the encounters was, perhaps, to bring this to an amicable end, with a property settlement dispute between the parties, and not necessarily to restore and renew marriage on a permanent basis, as required for the defense of reconciliation to a divorce action.
And there was no meeting of the minds as to the reconciliation, based upon my notes. I think that the parties have lived separate and apart for six months. Their interaction, their intermittent sexual encounters, Mr. Lemoine's occasional staying one or two nights at the house, he did not move any of his major items back into the house to show any type of intent to be there on a permanent basis, or where the differences between the parties had been solved or forgiven, and for that reason, this Court rules that a hundred and eighty days had past [sic] and the party may proceedeither party may proceed with obtaining a judgment of divorce at its wish.
The trial court rendered judgment in favor of Mr. Lemoine granting him a divorce pursuant to La.Civ.Code art. 102. Mrs. Lemoine appealed.

III.

LAW AND DISCUSSION
Mrs. Lemoine filed this appeal, asserting that the trial court erred in granting a divorce pursuant to La.Civ.Code art. 102 when she and Mr. Lemoine had not lived separate and apart continuously for a period of 180 days. She contends this is evidenced by the fact that the two repeatedly spent the night together, had sexual relations numerous times, and had been on four separate weekend trips at different times during the 180 days following the service of Mr. Lemoine's Petition for Divorce and Other Relief. She argues that the question presented in this case should not have been whether the parties reconciled, but whether the parties satisfied Article 102's requirement of living separate and apart continuously for 180 days. Mrs. Lemoine states that the trial court erred in equating two distinctly different issues.
In support of her position that reconciliation and living separate and apart are two different issues, Mrs. Lemoine cites Arnoult v. Letten, 99 So. 218, 155 La. 275 (La.1924). Although the legislation in effect at that time required that a married couple live separate and apart for seven years before being granted a divorce, Mrs. Lemoine contends that the case is on point in that it focused only upon whether the couple had lived separate and apart for the requisite period of time and, thus, had earned the right to divorce. She further asserts that in Arnoult, the Supreme Court distinguished a case involving the question of reconciliation as not being on point. Mrs. Lemoine also refers the court to Judge Hightower's concurring opinion in Woods v. Woods, 27,199, p. 1 (La.App. 2 Cir. 8/23/95); 660 So.2d 134, 136, a case involving the appeal of the granting of a divorce pursuant to La.Civ.Code art. 102, wherein the issue of living separate and apart was not addressed, but rather, the argument surrounded whether the parties had reconciled. Judge Hightower stated, "The issue of reconciliation logically should be addressed only after determining whether the parties have, in fact, lived separate and apart continuously since the filing of the petition at least 180 *1247 days earlier." Hightower wrote that the more appropriate question was whether the wife had carried her burden of proving positively a continuous separation, but since the appellant had not assigned error in that finding, he was compelled to concur in the majority opinion.
Further, Mrs. Lemoine contends that under the rules of statutory construction, every word, sentence or provision of law is to be given some effect. She asserts that the words in the Article are not ambiguous, vague, or unclear and are not subject to varying interpretations; therefore, since the word "reconciliation" does not appear in the Article, the appropriate question is whether the parties lived separate and apart continuously and not whether they reconciled.
Conversely, Mr. Lemoine asserts that La. Civ.Code art. 104 clearly sets forth reconciliation as a method of extinguishing a cause of action for divorce. Mr. Lemoine refers to the 1990 Revision Comments to La.Civ.Code art. 102, subsection (e), which states:
An action under this Article may be defeated by proof that the parties have reconciled during the one hundred eighty day period. See C.C. Art. 104, infra (rev. 1990). What constitutes reconciliation under this Article and Article 103 is a question of fact to be decided in accordance with jurisprudential guidelines.
(Citations omitted). He contends that Articles 102 and 104 are in pari materia, and, therefore, must be interpreted in reference to each other. See La.Civ.Code art. 13.
Mr. Lemoine further asserts that the majority opinion in Woods, 660 So.2d 134, is a clear example of the relevance of reconciliation as a possible basis for extinguishing an Article 102 divorce action, and that the concurring opinion should be given little weight because it is not the holding of the court, nor the law of the case. He contends that the trial court correctly focused upon determining whether the parties had reconciled, and did not err in concluding that based upon the totality of the circumstances, the parties had not reconciled during the 180 day period and, thus, were entitled to a final divorce pursuant to La.Civ.Code art. 102.
Mr. Lemoine submits that he should be granted attorney fees, expenses and costs for being required to defend a frivolous appeal. In addition, he claims entitlement to a money judgment against Mrs. Lemoine for the return of all alimony pendente lite payments made during the pendency of the appeal. He argues that where one appeals solely for the purpose of keeping alive her alimony pendente lite payments, a proper reward is also a return of all alimony paid since the date the judgment of divorce would otherwise have become final. Bouzon v. Bouzon, 537 So.2d 822 (La.App. 5 Cir.1989); Roland v. Roland, 519 So.2d 1177 (La.App. 1 Cir.1987); Samford v. Samford, 297 So.2d 465 (La.App. 2 Cir.1974). Mr. Lemoine raises the fact that Mrs. Lemoine filed a Reconventional Demand and also sought a divorce pursuant to La.Civ.Code art. 102. He alleges that there can be no other basis for her appeal rather than to gain the side effect of continuing to receive his alimony obligation of $2,000.00 per month.

Living Separate and Apart Continuously
As stated above, the divorce action at issue in this case is that delineated by La.Civ.Code art. 102, which provides:
Except in the case of a covenant marriage, a divorce shall be granted upon motion of a spouse when either spouse has filed a petition for divorce and upon proof that one hundred eighty days have elapsed from the service of the petition, or from the execution of written waiver of the service, and that the spouses have lived separate and apart continuously for at least one hundred eighty days prior to the filing of the rule to show cause.
The motion shall be a rule to show cause filed after all such delays have elapsed.
It is clear from the record that Mr. Lemoine's Motion for Final Divorce was filed after the requisite 180 days had elapsed after the service of his Petition for Divorce and Other Relief upon Mrs. Lemoine. The only other proof necessary for a final divorce in this case is evidence that the parties lived separate and apart continuously for at least 180 days prior to the filing of the rule to show cause. Mrs. Lemoine contends that this requirement was not met and the divorce *1248 should not have been granted because the court failed to recognize that she and Mr. Lemoine did not live separate and apart continuously for 180 days as required by the Civil Code, but instead, erroneously granted the divorce based solely upon a finding of no reconciliation having taken place during the 180 day waiting period.
"Living separate and apart" for purposes of obtaining a final divorce means that the parties live apart in such a manner that those in the community are aware of the separation. Billac v. Billac, 464 So.2d 819 (La.App. 5 Cir.1985) (citing Quinn v. Brown, 159 La. 570, 105 So. 624 (1925); Arnoult v. Letten, 155 La. 275, 99 So. 218 (1924); Hava v. Chavigny, 147 La. 330, 84 So. 892 (1920)). The Lemoines occupied separate dwellings during the requisite time period, although they did interact intermittently in the marital home and elsewhere. The record reflects that Mr. Lemoine rented a separate home, kept all of his major personal belongings at his separate home, was absent for weeks at a time from the marital home, and never remained at the marital home for more than a few nights at a time on the sporadic occasions in which he visited. This court is satisfied that they lived apart in such a manner that their separation was visible in the community and that others were aware of the separation. The trial court also orally stated that it believed the parties lived separate and apart for six months. The court's finding was espoused in the midst of its discussion of the intermittent sexual encounters between the couple and Mr. Lemoine's occasional overnight visits at the marital home. Although the court spoke of these actions in terms of whether they were evidence of a reconciliation between the parties, we cannot say that the court was erroneous in doing so.
The trial court appropriately considered the issue of reconciliation in its determination of whether the divorce should be granted. Reconciliation is a defense that may be asserted to extinguish a cause of action for divorce pursuant to La.Civ.Code art. 102. La.Civ.Code art. 104. As we stated in Veron v. Veron, 624 So.2d 1295, 1298 (La.App. 3 Cir.1993):
[W]e find that the mandate set forth in Nethken v. Nethken, 307 So.2d 563 (La. 1975), a case involving a LSA-R.S. 9:302 (now repealed) divorce based upon no reconciliation for a period of six months or more following a judgment of separation, still holds true as to the right to a divorce after the passing of a prescribed statutory time without reconciliation.
The Louisiana Supreme Court stated in Nethken, supra, at page 566:
Such a divorce decree is founded entirely upon the absolute right of either spouse to obtain the divorce on the proof merely that there has been no reconciliation during the probation period allowed by statute. August v. Blache, 200 La. 1029, 9 So.2d 402 (1942).
(Emphasis in original). Further, the 1990 Revision Comments to La.Civ.Code art. 102, subsections (c) and (e), address the appropriateness of a consideration of reconciliation when seeking this divorce action. They state in pertinent part:
(c) The defense of reconciliation and the various procedural defenses implicit in this Article ... should be raised at the hearing on the rule to show cause provided for in Code of Civil Procedure Article 3952 (added 1990).
(e) An action under this Article may be defeated by proof that the parties have reconciled during the one hundred eighty day period. See C.C. Art. 104, infra (rev. 1990).
The trial court did not commit error in considering whether the parties reconciled. In fact, we find that it applied the appropriate test for determining whether the Lemoines were entitled to a final divorce pursuant to La.Civ.Code art. 102. The determination consists of finding whether the parties lived separate and apart continuously for 180 days, without reconciliation, after the service of such a petition on the other party or, the signing of a waiver of service by the other party. Reconciliation occurs when there is a mutual intent to reestablish the marital relationship on a permanent basis. Woods, 660 So.2d 134. "The motives and intentions of the parties to restore and renew the marital relationship is a question of fact determined *1249 by the trial judge from the totality of the circumstances." Id. at 135. The trial court's finding that no reconciliation took place, is reasonably supported by the record and is not manifestly erroneous. Therefore, we do not find that the trial court committed error during its determination of whether a final divorce should be rendered in this case, as we find no substantive difference between living separate and apart and failing to reconcile under La.Civ.Code art. 102.

Frivolous Appeal
In his Answer to Appeal, Mr. Lemoine prays for attorney fees, expenses and costs of appeal for being required to defend a frivolous appeal. He also requests a money judgment against Mrs. Lemoine in the amount of all alimony pendente lite payments made during the pendency of this appeal.
Damages for frivolous appeals are provided for in La.Code Civ.P. art. 2164. The statute is penal in nature and must be strictly construed. Allen v. IMTC, Inc., 567 So.2d 1155 (La.App. 3 Cir.1990); Veron v. Veron, 624 So.2d 1295 (La.App. 3 Cir.1993), writ denied, 93-2768 (La. 1/7/94); 631 So.2d 453. The First Circuit succinctly stated the favored interpretation of this Article as follows:
Since appeals are favored, such penalties should not be granted unless they are clearly due; e.g.: when there are no serious legal questions, when it is manifest that the appeal is taken solely for the purpose of delay, when it is evident that appellant's counsel is not serious in advocating the view of law which he presents. C.C.P. art. 2164. Guidry v. Carmouche, 320 So.2d 267 (La.App. 3 Cir.1975); Jackson v. East Baton Rouge Parish School Board, 348 So.2d 739 (La.App. 1 Cir.1977); Hebert v. Knoll, 370 So.2d 151 (La.App. 3 Cir.1979).
Allen, 567 So.2d at 1158 (citing Salmon v. Hodges, 398 So.2d 548, 549 (La.App. 1 Cir. 1979)). We believe Mrs. Lemoine's contentions in her brief and in oral argument were brought in good faith. The issues raised were not so frivolous as to warrant damages on appeal, and we cannot say that this appeal was brought solely for the purpose of delay. Consequently, we do not find that Mr. Lemoine is entitled to the damages requested for frivolous appeal.

IV.

CONCLUSION
Accordingly, the judgment appealed from is affirmed. All costs are to be borne by defendant/appellant, Brenda Gremillion Lemoine.
AFFIRMED.