614 So.2d 185 (1993)
Charlotte PEYTON, Plaintiff-Appellant,
v.
Phillip Harrison PEYTON, Defendant-Appellee.
No. 92-107.
Court of Appeal of Louisiana, Third Circuit.
February 3, 1993.
Cooper & Hales, Rayville, for plaintiff-appellant.
George Griffing, Jonesville, for defendant-appellee.
Before DOMENGEAUX, C.J., and DOUCET and DECUIR, JJ.
DECUIR, Judge.
Charlotte Peyton, the mother, appeals the modification of a joint custody decree naming Phillip H. Peyton, the father, as primary custodian of the minors, Phillip H. Peyton, Jr. and Christina Peyton, and terminating child support.
*186 Charlotte and Phillip Peyton were married in 1978 and established their matrimonial domicile in Catahoula Parish. The Peytons were judicially separated by Judgment of March 9, 1989. This judgment awarded custody jointly to Charlotte and Phillip Peyton and named Charlotte Peyton as primary custodian. Mr. Peyton was further ordered to pay child support in the amount of $700.00 per month. Thereafter, Mr. and Mrs. Peyton were divorced pursuant to judgment rendered on September 21, 1989. The divorce judgment ordered that child support be continued as decreed in the judgment of separation. The parties agreed to continue joint custody as decreed in the judgment of separation.
On August 20, 1991, almost two years after the divorce decree, Phillip Peyton filed a rule to show cause alleging that Charlotte Peyton was not fit to rear the minor children born of the marriage; that Charlotte Peyton was engaged in an adulterous relationship, and that she fed and clothed the children poorly. The filing of this rule occurred only after Mrs. Peyton moved with the children to Lafayette, Louisiana. Mr. Peyton requested an ex-parte order naming himself as primary custodian of the children and terminating child support. An ex-parte order was issued and signed on August 19, 1991, directing that upon service of the rule, custody of the children be surrendered to Phillip Peyton, naming Mr. Peyton as primary custodian and ordering him relieved of the obligation to pay child support. A custody hearing was held on September 19, 1991, after which the trial court took the matter under advisement directing the parties to submit within ten (10) days proposed reasons for sustaining a judgment on behalf of each party.
Judgment was rendered on November 18, 1991 in favor of Phillip Peyton naming him as primary custodian and further relieving him of the obligation of child support. The judgment further set forth a plan of implementation of joint custody, the trial court finding that both parents were fit and proper persons to have the care, custody and control of the minor children. The record is devoid of any written reasons for judgment by the trial court.
On appeal, Charlotte Peyton contends that the trial court erred: (1) in granting an ex-parte order modifying the prior custody agreement and terminating child support; (2) in finding that the appellee proved a change of circumstances sufficient to justify modification of the prior joint custody decree; and (3) assuming appellee did not have the heavy burden of proving a change of circumstances, in finding that appellee met the burden of proof that it was in the best interest of the children that the prior custody decree be modified. Appellant's first assignment of error being moot, we address only the two remaining assignments. For the following reasons, we reverse.
Charlotte Peyton contends that the trial court erroneously found that Mr. Peyton met his burden of proving a change of circumstances sufficient to a modification of the joint custody agreement. We find that the heavy burden of proof enunciated in Bergeron v. Bergeron, 492 So.2d 1193 (La.1986) is not applicable to the matter sub judice. An uncontested decree in which no evidence is presented as to the fitness of the parents is not a "considered decree." In the present case, the original custody degree was by stipulation of the parties and not a considered decree. Accordingly, the test applicable in this modification of joint custody action is found in LSA-C.C. Arts. 131 and 134, and consists of what is in the best interest of the child. Miller v. St. Clergy, 535 So.2d 563 (La.App. 3rd Cir.1988); Simmons v. Simmons, 554 So.2d 238 (La.App. 3rd Cir.1989). In determining what is in the best interest of the children, courts must examine all relevant facts, including but not limited to, stability of environment, standard of living each parent can provide, and the prior history of the children's custody. The role of the court is to determine the best interest of the children based upon relative fitness and ability of the competing parents in all respects to care for the children. Simmons, supra.
*187 LSA-C.C. Art. 131(E) provides that if either parent opposes a modification or termination of the joint custody decree, the trial court shall state in its decision the reasons for modification or termination of the joint custody order. The trial court clearly erred in failing to state its reasons for modifying the earlier joint custody decree. Nevertheless, we find that the record reveals that Phillip Peyton failed to prove by a preponderance of the evidence that a modification of the custody decree was required.
Phillip Peyton filed for a modification of the joint custody decree immediately after Charlotte Peyton's move to Lafayette, with the children. Mrs. Peyton moved to Lafayette to seek employment opportunities and for improved opportunities and education for the children. The Court notes Mrs. Peyton was employed on a full-time basis at the time of trial. Although geographical distance between the respective residences of the parties must be considered, standing alone, it is not decisive. Meylian v. Meylian, 478 So.2d 218 (La.App. 3rd Cir.1985). It is undisputed that the joint custody agreement worked well prior to Charlotte Peyton's move to Lafayette. The Peytons apparently did not have a history of animosity towards each other and it appears from the record that each had previously been willing and able to facilitate and encourage a close and continuing parent/child relationship between the children and the other parent.
Mrs. Peyton's mother and sister also live in Lafayette. These relatives testified they are able and willing to provide support and help with the children. The record reflects that Charlotte Peyton lives in a good neighborhood and school district. Furthermore, Mrs. Peyton is able to provide a spacious home and a bedroom for each child. The evidence reflects that the children performed well in school both prior to and after the move to Lafayette. It is further undisputed that the children adapted well after the move to Lafayette.
Mr. Peyton lives with his elderly mother in Jonesville, Louisiana. At the time of trial, the elderly Mrs. Peyton had recently undergone a hysterectomy. The court notes that she also has a history of cancer and arthritis. The record reflects that Mr. Peyton's mother is unable to help the children care for themselves due to arthritis. Charlotte Peyton testified that Phillip, Jr. must do his grandmother's ironing. Furthermore, the elderly Mrs. Peyton is unable to do her housework or even to wash dishes. Finally, the children do not have the luxury of their own bedrooms. One child must sleep with the grandmother and the other with Mr. Peyton.
Charlotte Peyton's mother and sister, Virginia Head and Wanda Laborde, testified that Charlotte is a good and caring mother. Although Mr. Peyton alleges that Charlotte Peyton is an unfit mother, his testimony does not support this allegation. In fact, Mr. Peyton testified that Mrs. Peyton properly cared for her children when the children were in her custody. The record reflects a very close relationship between Charlotte and her children. Wanda Laborde testified that the children enjoy a close relationship with their mother and that the children are very upset that they have been taken from their mother. This testimony is uncontradicted.
At the hearing, Phillip Peyton attempts to make much of Charlotte Peyton's relationship with a married man. Mr. Peyton presented no evidence that this relationship had a deleterious effect on the children. The court notes that Phillip Peyton knew about the relationship for sometime, but chose not to contest Mrs. Peyton's designation as domiciliary parent until August of 1991. Furthermore, the record reflects that Mrs. Peyton terminated this relationship some six to eight months prior to the time of the custody hearing. Louisiana jurisprudence is clear that when a parent terminates an adulterous relationship either by ceasing the immoral behavior or by marrying the paramour, that reformation obliterates that parent's previous indiscretion and can no longer be a factor in determining that parent's fitness for custody. Dykes v. Dykes, 488 So.2d 368 (La. App. 3rd Cir.1986), writ denied 489 So.2d 1278 (La.1986); and Simmons, supra.
*188 Accordingly, we find that the trial court erred in that Phillip Peyton failed to prove that it was in the children's best interest to modify the joint custody decree.
The judgment of the trial court is hereby reversed, reinstating Charlotte Peyton as primary custodian of the minor children, Phillip H. Peyton, Jr. and Christina Peyton, and further reinstating Phillip Peyton, Sr.'s obligation to pay child support in the amount of $700.00 per month. Furthermore, recognizing that the primary custodian is domiciled in Lafayette Parish, the Trial Court's Plan for Implementation of Joint Custody is hereby modified to provide that Charlotte Peyton shall have physical custody and control of the children from 5:00 P.M. on Sunday until 5:00 P.M. on Friday of each week hereafter. Phillip Peyton, Sr. shall have physical custody and control of the children from 5:00 P.M. on Friday until 5:00 P.M. on Sunday, and the said Phillip Peyton, Sr. shall be responsible for transportation of the children to and from the home of the mother. Furthermore, the trial court's Plan for Implementation of Joint Custody is modified to provide that the minor children shall reside with their mother and father on an alternating basis for the major holidays of Easter, Thanksgiving and Christmas from 5:00 P.M. on the eve of said holiday through and including 5:00 P.M. on the day of the holiday itself, commencing with Easter, 1993, when said children shall reside with their mother, Charlotte Peyton, and on an alternating basis thereafter. The remaining terms of the Plan of Implementation of Joint Custody shall remain as stated therein.
Reversed and Modified. Costs of appeal are assessed to defendant-appellee.