STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 04-1649


JOSHUA ARRINGTON

VERSUS

DELOIS JAMES CAMPBELL


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 216,979
HONORABLE GEORGE CLARENCE METOYER, JR, DISTRICT JUDGE


\*\*\*\*\*\*\*\*\*\*


BILLY HOWARD EZELL
JUDGE


\*\*\*\*\*\*\*\*\*\*


Court composed of Sylvia R. Cooks, Elizabeth A. Pickett, and Billy Howard Ezell, Judges.

Cooks, J., concurs in the majority opinion, finding *only* the allegations of sexual abuse amount to a material change in circumstance affecting the child's welfare since the September, 2003 consent judgment changing the custody of the child.


**REVERSED, RENDERED, AND REMANDED.**


Lloyd E. Hennigan,  Jr.
Hennigan and Walters
P. O. Drawer 1970
Jena, LA 71342
(318) 992-4105
Counsel for: Defendant/Appellee
Delois James Campbell

Susan Ford Fiser
Attorney at Law
P.O. Box 12424
Alexandria, LA 71315-2424
(318) 442-8899
Counsel for: Plaintiff/Appellant
Joshua Arrington

**EZELL, JUDGE.**

In this appeal, J.A.[1] appeals the decision of the trial court refusing to grant him sole custody of his son, K.A. We find that the trial court failed to consider the best interests of K.A. in reaching its decision and, accordingly, reverse the decision of the trial court, render a decision, and remand for further proceedings in accordance with this ruling.

K.A. was born on September 8, 1998. His parents were never married. By judgment rendered May 5, 2000, J.A. and D.C., the child's mother, agreed to joint custody of K.A. D.C. was designated as the primary custodial parent, and J.A. was awarded reasonable visitation. On September 30, 2003, the parties signed a consent judgment changing the custody of K.A. The new agreement retained joint custody, with the father becoming the primary custodial parent and the mother receiving visitation. After an incident involving K.A. and another child at school, J.A. filed for a protective order and for a change in custody of K.A., seeking sole custody with supervised visitation only for the mother.

At trial on the matter, despite very disturbing testimony regarding allegations of cruelty and sexual abuse toward K.A., the trial court denied the rule to change custody. From this decision, J.A. appeals. J.A. asserts seven assignments of error on appeal. As his first assignment of error, J.A. claims that the trial court committed legal error in applying an incorrect standard of review in determining the custody of K.A., and that therefore, a *de novo* review is required of this court. We agree. Because we agree with the first assignment of error, we need not address the others.

---

[1] Although we are not required to use initials to insure the confidentiality of minors in child custody cases under the Uniform Rules of Louisiana Courts of Appeal Rule 5-2, we will do so here due to the nature of the allegations contained in this claim.

1

This court has clearly stated the standard of review for an appellate court in child custody matters. "The trial court is in a better position to evaluate the best interest of the child from its observances of the parties and witnesses; thus, a trial court's determination in a child custody case is entitled to great weight on appeal and will not be disturbed unless there is a clear abuse of discretion." *Hawthorne v. Hawthorne*, 96-89, p.12 (La.App. 3 Cir. 5/22/96), 676 So.2d 619, 625, *writ denied* 96-1650 (La. 10/25/96), 681 So.2d 365. Under Louisiana Civil Code Article 131, decisions regarding custody of the children are made with the best interest of the child being paramount. Louisiana Civil Code Article 134 provides a number of factors to be considered in making the best interest determination. These factors are merely suggested factors, and the trial court is free to use other factors to make its determination. *Aucoin v. Aucoin*, 02-756 (La.App. 3 Cir. 12/30/02), 834 So.2d 1245. However, the trial court should consider the totality of the facts and circumstances in its analysis of the best interest of the child.

It is clear from the record that the trial court below did not consider the best interest of K.A. at all in reaching its decision. In its oral reasons, the trial court simply stated that "one of the strongest rights in the law is a parent's right to have unfettered access to his or her children, to be free of supervision and to be free from outside influences from any third parties, including family members." There was no mention of any of the factors set forth in Louisiana Civil Code Article 134, nor was there any mention of K.A.'s best interest in general. The trial court apparently only considered the rights of the mother, which are clearly subservient to the best interest of the child in any custody matter. La.Civ. Code art. 131. Because the trial court committed legal error in applying an incorrect standard of review, we shall perform a *de novo* review of this case.

2

Because the custody agreement between J.A. and D.C. was not a considered decree by the court, J.A.'s burden in changing the present custody arrangement requires that he prove: 1) a material change in circumstances affecting the welfare of the child has occurred since the original decree, and 2) the proposed modification is in the best interest of the child. *See Weaver v. Weaver*, 01-1656 (La.App. 3 Cir. 5/29/02), 824 So.2d 438. It is clear from the record that J.A. has met both of these requirements.

After the second joint custody agreement awarding J.A. with domiciliary parent status, K.A. was caught in the restroom of his kindergarten with another child, touching each other inappropriately. J.A. was called by the principal and forced to pick K.A. up from school. When the child was questioned about his actions, K.A. felt as if he had done nothing wrong, stating that he was only playing a game he learned from his mother's new brother-in-law, Bud. When asked by J.A. if Bud had touched him, K.A. said yes. When asked how, the child pulled down his pants and began masturbating. K.A. also told his step-mother, J.A.'s wife, that Bud had taught him the game he had been caught playing with the other boy. Furthermore, K.A. told Dr. Kenneth Binns, his child psychologist, that "Bud put his bird in my bobo." When asked to elaborate, the child refused, stating, "my mom told me not to talk about that." An investigation is still ongoing into the possible molestation of K.A.

Besides the allegations of sexual abuse, there was also evidence of cruel treatment to K.A. by his mother in trying to potty train the child. At the time of trial K.A. was five years old and suffered from encopresis, or a failure to control his bodily functions. In essence, he was still not completely potty trained. The child exhibited fear when confronted with the toilet. He would scream, kick, and bite to not get on the potty. Most of this fear seemed to be generated from the mother's home. K.A.

3

would make great strides in his potty training at his father's home, only to experience regression and setbacks after contact with his mother. At one point, after an accident, D.C. forced K.A. to kneel in front of the toilet and scrub his feces out of his underwear with a toothbrush. She would force him to sit on the toilet for long periods of time and spank him for accidents. The encopresis was even becoming a problem at school. None of the evidence regarding the treatment of K.A. in his potty training or the allegations of sexual abuse was refuted in any way by D.C.

The allegations of possible sexual abuse and the repeated cruelty towards K.A. in his potty training, along with the regression he suffers after contact with his mother, are clearly changes in circumstances affecting the welfare of the child. It is also clear that a modification of the custody arrangement are in K.A.'s best interests. It is obvious to this court that the child's best interest lies in J.A. having sole custody of K.A., with D.C. being allowed supervised visitation. Dr. Binns was clear in his opinion that D.C. should be forced to take parenting classes before having visitation with K.A., and thereafter, visitation should be supervised. Her rights to her child simply do not outweigh his best interest. La. Civ. Code art. 131.

Accordingly, the decision of the trial court is reversed. Judgment is herein rendered in favor of J.A., awarding him sole custody of K.A. D.C. is to be granted supervised visitation only after the completion of parenting classes. Furthermore, K.A. is not to have any contact whatsoever with his uncle Bud. This case is hereby remanded to the trial court for arrangements to be made concerning parenting classes for D.C., for the structuring of supervised visitation thereafter, and for the issuance of a protective order in favor of K.A. against his Uncle Bud. Costs of this appeal are assessed against D.C.

**REVERSED, RENDERED, AND REMANDED.**