WEIMER, J.,
concurring.
hi concur in the result.[1]
*180 A biological father’s cause of action to avow his child has its basis in constitutional rights. See Stanley v. Illinois, 405 U.S. 645, 651, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972) (“The rights to conceive and to raise one’s children have been deemed ‘essential,’ ... ‘basic civil rights of man.’ ”) As such, an avowal action is based on rights which flow from the Constitution.
Consequently, it is unnecessary for the legislature to establish an avowal action. Louisiana courts have recognized a right which already exists. See T.D. v. M.M.M., 98-0167, p. 3 (La.3/2/99), 730 So.2d 873, 875, citing Peyton v. Peyton, 92-107 (La.App. 3 Cir. 2/3/93), 614 So.2d 185; Geen v. Geen, 95-984 (La.App. 3 Cir. 12/27/95), 666 So.2d 1192, writ denied, 96-0201 (La.3/22/96), 669 So.2d 1224; Putnam v. Mayeaux, 93-1251 (La.App. 1 Cir. 11/10/94), 645 So.2d 1223; Chandler v. Grass, 600 So.2d 852 (La.App. 3 Cir.1992). In the absence of legislation prohibiting the avowal action or limiting the action, this court is well within its ^authority to recognize the existence of the avowal action. Constitutional rights can exist as substantive rights although not legislatively recognized.
In T.D. v. M.M.M., 98-0167, 730 So.2d 873, the court, believing that no prescriptive period existed, resorted to the application of the doctrine of laches. I believe the court fell into error in the establishment of a reasonable period of time for bringing the avowal action. Instead of resorting to laches to create a reasonable period of time for bringing an avowal action, the court should have consulted the Louisiana Civil Code which prescribes a 10-year period of time. LSA-C.C. art. 3499.[2] See also, Fishbein v. State ex rel. Louisiana State University Health Sciences Center, 04-2482 (La.4/12/05), 898 So.2d 1260, in which this court repudiated the doctrine of laches.
Thus, I would apply Article 3499 for determining the appropriate prescriptive period. As such, I believe it is erroneous to state W.R.M.’s avowal action is prescribed. Because the avowal action was filed within 10 years of the birth of the child, the matter was not prescribed when filed. However, LSA-C.C. art. 198 has specifically designated a peremptive period in which an avowal action may be asserted:
A man may institute an action to establish his paternity of a child at any time except as provided in this Article. The action is strictly personal.
If the child is presumed to be the child of another man, the action shall be instituted within one year from the day of the birth of the child. Nevertheless, if the mother in bad faith deceived the father of the child regarding his paternity, the action shall be instituted within one year from the day the father knew or should have known of his paternity, or Lwithin ten years from the day of the birth of the child, whichever first occurs.
In all cases, the action shall be instituted no later than one year from the day of the death of the child.
The time periods in this Article are peremptive. [Emphasis supplied.]
Because of the time frames presented by the instant case, it is significant that the legislature specified that this provision is to be applied retroactively.[3] Consequently, it must be determined whether *181 this alleged father had a vested right such that the retroactive application of the provision would be prohibited.
As Justice Knoll noted in her concurrence in T.D. v. 98-0167 at 2-3, 730 So.2d at 878:
[T]he Court concluded that the biological father’s “substantive rights were not violated by application of a ‘best interests of the child’ standard.” [Quilloin v. Walcott, 434 U.S. 246, 254, 98 S.Ct. 549, 54 L.Ed.2d 511 (1978).] ... In Quilloin, the best interests of the child trumped the biological father’s interests. Where a marital unit is intact, the State’s interest in preserving the integrity of the marital family may also silence a biological father’s competing interest. Id.; Stanley, 405 U.S. at 645, 92 S.Ct. 1208, 31 L.Ed.2d 551.
The unwed biological father’s substantive rights were further defined in Lehr v. Robertson, 463 U.S. 248, 103 S.Ct. 2985, 77 L.Ed.2d 614 (1983). The Court explained that something more than genes was necessary for the biological father to preserve his rights. Lehr focused on the biological father’s “grasp[ing the] opportunity and accepting] some measure of responsibility for the child’s future.” Id. at 262, 463 U.S. 248, 103 S.Ct. 2985, 77 L.Ed.2d 614. Only then did the Federal Constitution require a State to provide a forum for the unwed father to voice his opinion as to what was in his natural child’s best interest. Id. The Lehr Court was most concerned with whether the State had “adequately protected his opportunity to form such a relationship.” Id. at 264, 463 U.S. 248, 103 S.Ct. 2985, 77 L.Ed.2d 614.
In this matter, the trial court analyzed the relationship that existed between W.R.M. and the child in order to deter-mine whether W.R.M.’s argument that I retroactive application of legislation would deprive him of a vested right was meritorious and thus application of the legislative bar was constitutionally prohibited.[4] I do not believe that the trial court was manifestly erroneous in its determination that W.R.M. did not adequately establish a relationship with the child such that his rights were vested. The trial court found that W.R.M. established only a “casual acquaintance” with the child and referred to a “lack of relationship” between the child and W.R.M. The trial court also found the child does not know of W.R.M.’s potential paternity, noted the limited interaction between W.R.M. and the child, and observed that inaction by W.R.M almost spanned a decade.
The right of avowal is not absolute; it is the relationship with the child that is determinative, not mere biological connection. Geen, 95-984 at 3, 666 So.2d at 1194; see also, Michael H. v. Gerald D., 491 U.S. 110, 127, 109 S.Ct. 2333, 2344, 105 L.Ed.2d 91(1989), which held that the non-spouse’s claims of parental rights to a child born into a marriage are “not the stuff of which fundamental rights qualifying as liberty interests are made.”
In sum, because the retroactive application of LSA-C.C. art. 198 does not impact a vested right based on the facts of this case, I would find the matter perempted.

. See Justice Johnson’s concurrence for the factual and procedural history. Johnson, J. concurring, pp. 1-3.

. LSA-C.C. art. 3499 provides:
Unless otherwise provided by legislation, a personal action is subject to a liberative prescription of ten years.

. See 2005 La. Acts No. 192 § 3, which declares that the provisions of this Act “shall be applicable to all claims existing or actions pending on its effective date and all claims arising or actions filed on and after its effective date.”

. Although the trial court ruled W.R.M.'s avowal action was prescribed, the legislature indicated that Article 191 (now Article 198) actually provided for peremption. See LSA-R.S. 9:395.1 ("The two-year peremptive period in Civil Code Article 191 shall not apply to the Department of Social Services providing services in accordance with 42 U.S.C. 666.”) (Emphasis supplied.)