NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

14-960

SHANA J. TOUPS

VERSUS

BOBBY DEAN TOUPS

**********

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 88,244, DIV. B
HONORABLE JOHN C. FORD, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Sylvia R. Cooks, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.

AFFIRMED.

Mitchel M. Evans, II
Attorney at Law
416 North Pine Street
DeRidder, LA 70634
(337) 462-5225
COUNSEL FOR PLAINTIFF-APPELLANT:
    Shana J. Toups

**Clay Williams**
**Attorney at Law**
**202 W. North Street**
**Leesville, LA 71446**
**(337) 238-4704**
**COUNSEL FOR DEFENDANT-APPELLEE:**
**Bobby Dean Toups**

**PICKETT, Judge.**

Shana Toups appeals the trial court's award to her and Bobby Dean Toups, her ex-husband, of the equal sharing of custody of their youngest minor child. She also appeals the trial court's determination that the parties did not reconcile between late January and late June of 2013 and its denial of her request to designate her Sworn Detailed Descriptive List (SDDL) as "a judicial determination of the community assets and liabilities," pursuant to La.R.S. 9:2801(A)(1)(a). For the following reasons, we affirm.

## FACTS

Ms. Toups married Mr. Toups in January 1997. She adopted Mr. Toups' two daughters from his previous marriage. The Toupses also had a son, D.T., and a daughter, S.T., during their marriage. In late January 2013, after determining that Ms. Toups had committed adultery, Mr. Toups left the family home. He moved his clothing and some other personal belongings to his mother's home. On June 1, 2013, he rented a house and moved his belongings there.

The parties agreed to work toward reconciling and attended counseling. After some time, Mr. Toups learned that Ms. Toups had been communicating with her paramour and decided that the attempt at reconciliation had failed. On June 28, 2014, Ms. Toups filed a petition seeking a divorce on the ground of living separate and apart beginning January 31, 2013, as provided in La.Civ.Code art. 102. She also sought custody of the minor children, K.T.,[1] D.T., and S.T. Mr. Toups answered the petition and reconvened, seeking a divorce on the ground of adultery

---

[1] At the time of trial, K.T. had reached the age of eighteen.

and custody of the children.  Ms. Toups asserted the affirmative defense of reconciliation to the divorce to Mr. Toups' reconventional demand.

During a two-day trial on issues pertaining to the divorce and custody, numerous witnesses testified on behalf of both parties, including a psychologist, the parties, the three older Toups children, other family members, neighbors, and friends.  At the conclusion of the trial, the trial court granted Mr. Toups a divorce on the ground of adultery and awarded the parties equal sharing of custody of D.T. and S.T. on an alternating weekly basis.

Ms. Toups then filed suit to partition the community of acquets and gains and, in conjunction therewith, filed a SDDL as provided in La.R.S. 9:2801. Mr. Toups failed to file his own SDDL within forty-five days, as required by La.R.S. 9:2801, and Ms. Toups filed a motion, seeking to have her SDDL declared to be "deemed to constitute a judicial determination of the community assets and liabilities."  La.R.S. 9:2801(A)(1)(a).  After a hearing on her motion, the trial court denied Ms. Toups the relief she sought.

Ms. Toups appealed both judgments; she assigns three errors with the trial court's judgments.

## ASSIGNMENTS OF ERROR

Ms. Toups assigns error with the trial court's: (1) granting her and Mr. Toups equal sharing of custody of S.T.: (2) rejecting her affirmative defense of reconciliation and granting Mr. Toups an immediate divorce on the ground of adultery; and (3) refusing to deem her SDDL a judicial determination of the community assets and liabilities.

2

**DISCUSSION**

*Equal Sharing of Custody*

When addressing her first assignment of error, Ms. Toups argues that the trial court erred as a matter of law and fact in ordering equal sharing of custody without designating legal custody of S.T., failing to consider the custody evaluation expert's recommendation that equal sharing of custody is not best for younger children, and failing to articulate the basis for the custody award pursuant to the provisions of La.Civ.Code art. 134.

In custody matters, the best interest of the child is paramount. La.Civ.Code art. 131. Pursuant to La.Civ.Code art. 134, all relevant factors should be considered when determining custody. Article 134 identifies a number of factors that may be pertinent to the best-interest determination. Those factors are merely suggested factors, however, and the trial court is free to use other factors when making its determination. *Cerwonka v. Baker*, 06-856 (La.App. 3 Cir. 11/2/06), 942 So.2d 747. The trial court's best-interest analysis should take into account all the facts and circumstances surrounding the parties' claims for custody. *Id.*

"The trial court is in a better position to evaluate the best interest of the child from its observances of the parties and witnesses[.]" *Hawthorne v. Hawthorne*, 96-89, p. 12 (La.App. 3 Cir. 5/22/96), 676 So.2d 619, 625, *writ denied*, 96-1650 (La. 10/25/96), 681 So.2d 365. Therefore, its "determination in a child custody case is entitled to great weight on appeal and will not be disturbed unless there is a clear abuse of discretion." *Id.*

Ms. Toups asserts that the trial court committed error for failing to assign legal custody of S.T. to her or Mr. Toups. The trial court's award of joint custody of S.T. to Mr. Toups and Ms. Toups was an award of legal custody to both of

them.  *Evans v. Lungrin*, 97-541 (La. 2/6/98), 708 So.2d 731.  Accordingly, this argument lacks merit.

Ms. Toups next complains that the trial court committed legal error by not adopting the recommendation of psychologist Dr. James R. Logan with regard to custody of S.T.  Dr. Logan recommended against fifty-fifty custody for younger children, such as S.T.  The trial court is not bound by expert testimony and remains free to accept or reject an expert's conclusions.  *Slayton v. Slayton*, 05-1529 (La.App. 3 Cir. 5/3/06), 929 So.2d 865.  Therefore, the trial court's rejection of Dr. Logan's recommendation against fifty-fifty custody was not error.

Ms. Toups also complains that the trial court did not interview S.T. as provided in *Watermeier v. Watermeier*, 462 So.2d 1272 (La.App. 5 Cir.), *writ denied*, 464 So.2d 301 (La.1985).  This argument is misplaced.  The issue in *Watermeier* was whether the trial judge in a custody hearing has the right or discretion to interview a child under twelve years of age in chambers without a record being made and over the objection of counsel for one of the parties.

*Watermeier* does not require that the trial court interview all children in custody matters.  Furthermore, Ms. Toups did not ask the trial court to interview S.T., and she did not object to the trial court not interviewing her.  Therefore, the trial court's failure to interview S.T. under the guidelines set forth in *Watermeier* was not legal error.

The record establishes that the trial court's primary concern in awarding equally-shared custody was the best interest of S.T. and that the trial court considered many factors in making that determination.  Both parties attempted to show that the other should not have custody of S.T.  The evidence established that both parents loved the children and contributed in different ways to their care,

4

well-being, and education. The evidence also showed that both parents drink alcohol and that Ms. Toups had smoked marijuana during the marriage. As noted by the trial court, if Ms. Toups' use of marijuana had been to the extent described by H.T. and K.T., Mr. Toups would have known of it and not permitted it. We find no abuse of discretion in the trial court's award of equal sharing of custody of S.T. on an alternating weekly basis.

***Divorce***

Ms. Toups next complains that the trial court erred as a matter of law and fact by granting Mr. Toups an immediate divorce based upon adultery. She argues that the trial court refused to give proper weight to the preponderance of the evidence which demonstrated that she and Mr. Toups had reconciled.

Reconciliation is a defense to a cause of action for divorce pursuant to La.Civ.Code art. 103. *Lemoine v. Lemoine*, 97-1626 (La.App. 3 Cir. 7/1/98), 715 So.2d 1244, *writ denied*, 98-2092 (La. 11/13/98), 730 So.2d 937. To establish that a reconciliation occurred, the evidence must show the parties had a "mutual intent to reestablish the marital relationship on a permanent basis." *Id.* at 1248. Whether the parties had a mutual intent to reestablish their marital relationship is a question of fact for the trial court to determine based on the totality of the circumstances. *Lemoine*, 715 So.2d 1244.

Ms. Toups testified that after separating on January 28, 2013, she and Mr. Toups reconciled shortly thereafter and lived together until June 28, 2013. Mr. Toups testified that they worked toward reconciling and attended counseling after separating. He also testified that he often stayed at the family home during that time period. Mr. Toups explained, however, that he followed the recommendation of their marriage counselor and left the home and stayed at his

5

mother's home or the home he rented when he and Ms. Toups argued or their relationship became strained. Mr. Toups further testified that he left the family home for good in June after discovering that Ms. Toups had communicated by text and email with her paramour. Ms. Toups did not deny Mr. Toups' testimony on either of these issues.

Mr. Toups' testimony and his actions in maintaining separate living quarters after separating in January 2013 and Ms. Toups' continued communications with her paramour show the Toupses did not have a mutual intent to reconcile on a permanent basis. Therefore, the trial court did not err in concluding that the parties did not reconcile.

### Judicial Determination of the Community

In her last assignment of error, Ms. Toups contends that the trial court erred as a matter of law and fact in refusing to hold that her SDDL constituted "a judicial determination of the community assets and liabilities," pursuant to La.R.S. 9:2801(A)(1)(a), because the trial court erroneously computed the number of days that had elapsed between service of her first amended SDDL and the filing date of Mr. Toups' SDDL.

Louisiana Revised Statutes 9:2801 provides in pertinent part:

(A) When the spouses are unable to agree on a partition of community property or on the settlement of the claims between the spouses arising either from the matrimonial regime, or from the co-ownership of former community property following termination of the matrimonial regime, either spouse . . . may institute a proceeding, which shall be conducted in accordance with the following rules:

(1)(a) Within forty-five days of service of a motion by either party, each party shall file an [SDDL] of all community property, the fair market value and location of each asset, and all community liabilities. For good cause shown, the court may extend the time period for filing an [SDDL]. If a party fails to file an [SDDL] timely, the other party may file a rule to show cause why its [SDDL] should

6

not be deemed to constitute a judicial determination of the community assets and liabilities. At the hearing of the rule to show cause, the court may either grant the request or, for good cause shown, extend the time period for filing an [SDDL]. If the court grants the request, no traversal shall be allowed.

Ms. Toups' Petition to Partition Community was served on Mr. Toups on March 12, 2014. Ms. Toups filed an Amended Petition to Partition Community on March 14, 2014. She then filed a motion to have her SDDL declared a judicial determination of the community of assets and liabilities on May 13, 2014.

On May 15, Mr. Toups filed an answer to Ms. Toups' motion; he filed his SDDL on May 20. In his answer, Mr. Toups asserted that he sent correspondence to Ms. Toups' counsel requesting appraisals on the property and asking that if none were available, whether he would agree for the parties to each pay one-half of the expense of obtaining the appraisals.

Ms. Toups filed an answer to Mr. Toups' answer in which she admitted receiving the correspondence regarding appraisals. She also asserted that she had offered to obtain appraisals at a discounted rate, but that her counsel had never received a response from Mr. Toups.

At the hearing on Ms. Toups' motion, counsel for Mr. Toups stated that the parties had hired the appraiser to do the needed appraisals, but they still had not received an appraisal on one piece of property when Ms. Toups filed her motion. Additionally, Mr. Toups averred that he was never served with the Amended Petiton to Partition Community.

Ms. Toups' counsel stated that he never heard from Mr. Toups' counsel after forwarding correspondence in which Ms. Toups indicated that she could get appraisals done at a discounted rate. Ms. Toups' counsel did not address Mr. Toups' claim that he had not been served with the amended SDDL. Counsel

also argued that Mr. Toups' argument that he needed the appraisals for his SDDL had no merit because property valuations are addressed at the trial on the partition.

After the hearing, the trial court concluded that Mr. Toups had "good cause for not filing [his SDDL] timely" due to "the back and forth communications between the attorneys." The trial court also noted that Mr. Toups' SDDL may have been filed timely because Ms. Toups' amended SDDL may have extended the time within which to file his SDDL.

"Good cause is a factual determination which should not be disturbed absent manifest error." *Gauthier v. Gauthier*, 04-198, p. 5 (La.App. 3 Cir. 11/10/04), 886 So.2d 681, 685.

We find no manifest error in the trial court's finding of good cause in light of the apparent confusion between the two attorneys on obtaining appraisals of the community property and the requirement of La.R.S. 9:2801(A)(1)(a) that an SDDL is to include the fair market value of each asset.

## DISPOSITION

The judgment of the trial court is affirmed. All costs are assessed to Shana Toups.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.

8